IRVING, J.,
dissenting:
¶ 36. In this case, the circuit court determined that the client agreement that Randy Braswell signed with Smith Barney was ambiguous in that paragraph six, the arbitration clause, and paragraph seven of the agreement are in conflict as to the identity of parties who are required to arbitrate. Consequently, the circuit court denied Citigroup Global Markets, Inc.’s (Citigroup) motion to compel arbitration. The circuit court also found that the arbitration clause Was unenforceable because it was oppressive and unconscionable.
¶ 37. The majority, finding that the client agreement is neither ambiguous nor unconscionable with respect to Braswell’s obligation to arbitrate, reverses and renders the judgment of the circuit court and remands for arbitration. I disagree with the majority’s conclusion that arbitration is proper in this case. Based on the record before us, I do not believe that we have sufficient information to make that deter *647 mination. Therefore, I would reverse and remand this case to the circuit court for further findings of fact.
¶ 38. The preamble to the client agreement contains the following provision:
[I]t is agreed in respect to any and all accounts, whether upon margin or otherwise, which I [Braswell] now have or may at any future time have with Smith Barney Inc. or its direct or indirect subsidiaries and affiliates or their successors or assigns (hereinafter referred to as “you” or “your” or “SB” that....)
(Emphasis added).
¶ 39. The arbitration clause contains the following language: “I [Braswell] agree that all claims or controversies, whether such claims or controversies arose prior, on[,] or subsequent to the date hereof, between me and SB and/or any of its present or former officers, directors, or employees concerning or arising ... (Emphasis added).
¶40. Paragraph seven of the client agreement contains the following language: “[t]he provisions of this Agreement shall be continuous, shall cover individually and collectively all accounts which I may open or reopen with SB, and shall inure to the benefit of SB’s present organization, and any successor organization or assigns.” (Emphasis added).
¶41. I cannot find in the record any definitive discussion or explanation of the relationship, if any, between Citigroup and Smith Barney. In other words, I cannot find any compelling evidence that Citigroup is either a direct or indirect subsidiary, affiliate, or a successor or assign of Smith Barney. Citigroup’s motion to compel arbitration states that Smith Barney is a division of Citigroup. The circuit court found ambiguity in the client agreement because the arbitration clause requires Braswell to arbitrate all claims arising between him and Smith Barney and any of Smith Barney’s “present or former officers, directors, or employees,” while paragraph seven of the agreement requires Braswell to arbitrate with SB’s “present organization, and any successor organization or assigns.”
¶ 42. It is clear that the language in the preamble covers not only Smith Barney but any of “its direct or indirect subsidiaries and affiliates or their successors or assigns.” Therefore, it seems to me that the pivotal question is: what is the relar tionship of Citigroup to Smith Barney? Was it a direct or indirect subsidiary, or affiliate of Smith Barney when the agreement was signed, or is it now a successor or assign of Smith Barney? In its motion to compel arbitration, Citigroup stated that Smith Barney is a division of Citigroup. The circuit court did not directly address the relationship issue. I assume that the court considered it unnecessary since it found ambiguity as to what entity or entities are covered in the agreement. Considering the language in the preamble, which embraces the entities covered in paragraph seven, I do not think the agreement is ambiguous. However, I do not think the record is sufficient for this Court to determine whether Citigroup is a subsidiary, affiliate, successor, or assign of Smith Barney. In my judgment, this is a factual determination. Therefore, I would reverse and remand for this reason.
¶ 43. As stated, the circuit court also found the arbitration clause unconscionable because the agreement would require Braswell to bear the expense of the entire arbitration. As with the first issue, I do not believe that the record is sufficient for us to determine whether the arbitration clause compels or supports that finding by the circuit court. The arbitration clause is silent on the issue of fees and expenses. On this point, I note that Braswell at *648 tached a fee flow chart to his response to Citigroup’s motion to compel. While the chart indicates that significant fees and expenses will be assessed during the arbitration process, it does not definitively indicate who will bear those fees and expenses. The circuit court stated in its order denying Citigroup’s motion to compel that Citigroup’s attorney conceded that Braswell would have to pay the fees and expenses. However, Citigroup in its brief denies that that is correct. Therefore, I would also remand this issue to the circuit court for a factual determination.
¶ 44. For all of the reasons presented, I would reverse the judgment of the circuit court and remand this case for further findings of fact.
KING, C.J., JOINS THIS OPINION.